UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

INDIANA FARM BUREAU INSURANCE,  )
                                )
                  Plaintiff,    )
                                )
         v.                     )        No. 1:19-cv-01568-JRS-TAB
                                )
AMAZON.COM, INC.,               )
GUANGDONG FEILUN TECHNOLOGY     )
INDUSTRIAL CO., LTD.,           )
SOWOFA US STORE,                )
                                )
                  Defendants.   )

## Entry and Order

Plaintiff Indiana Farm Bureau Insurance ("Farm Bureau") seeks recovery of
losses paid for a house fire allegedly caused by a remote-control boat that its insured
bought from a third party on Amazon.com.  This cause comes before the Court on
Defendant Amazon.Com, Inc.'s ("Amazon") Motion to Dismiss Amended Complaint
Under Rule 12(b)(6).  Amazon contends that the Amended Complaint is subject to
dismissal for the same reasons that dismissal of the original Complaint was war-
ranted.  Farm Bureau opposes the motion.

### I. The Amended Complaint

The Amended Complaint essentially realleges the factual allegations from the
original complaint.  The main difference in the two pleadings is that the Amended
Complaint adds separate counts as to Amazon only realleging all three claims: strict

products liability (Count IV), implied warranty of merchantability (Count V), and negligence (Count VI). A familiarity with the factual allegations is presumed.

Count IV alleges that Amazon "sold or otherwise put into the stream of commerce the . . . boat set in a defective condition," (Am. Compl. ¶ 55), that Amazon "did not actually manufacture" the boat set, (*id.* ¶ 57), and that "as the principal seller[] and distributor[] of the . . . boat set, Defendant Amazon.com, Inc. is strictly liable to Plaintiff as the . . . boat set is defective and unreasonably dangerous and such defect(s) proximately caused Plaintiff's damage," (*id.* ¶ 56.) Farm Bureau avers that it "has made diligent and reasonable efforts to effectuate service of process on Guangdong," the manufacturer of the boat set, but adds that it "has not located or identified any business locations or offices for Guangdong Feilun Technology Industrial Co., Ltd. in the United States." (*Id.* ¶ 57.)

Count V alleges that Amazon was a merchant of the boat set and profited from its sale. (*Id.* ¶ 64.) It also alleges that Amazon's sale of the boat set to the Beckleys came with an implied warranty of merchantability under Indiana Code § 26-1-2-314 and Amazon breached the implied warranty when the boat set caught fire due to a defect. (*Id.* ¶¶ 65, 66.) Count VI alleges that Amazon "knew the . . . boat set would be purchased by consumers such as the Beckleys and used without inspection for latent defects" and that the boat set "did not incorporate adequate warnings to apprise the user of the dangerous design and/or manufacturing characteristics . . . which were known or should have been known to" Amazon "before the incident which gives rise to this litigation." (*Id.* ¶¶ 71, 73.)

2

## II. Discussion

Farm Bureau brings claims against Amazon under the theories of product liability (Counts I and IV), implied warranty of merchantability (Counts II and V), and negligence (Counts III and VI). The negligence claim is based on the theories of design defect and failure to warn. Farm Bureau seeks compensation for the damages incurred as a result of the fire loss to its insured allegedly caused by the boat set. (Am. Compl. 13, ECF No. 19.) Amazon moves to dismiss the claims against it with prejudice for the same reasons that the Court found that the original complaint should be dismissed.

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's factual allegations are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). However, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Indiana Products Liability Act (the "IPLA") "governs all actions brought by a user or consumer of a product against the manufacturer or seller of the product for physical harm caused by the product, 'regardless of the substantive legal theory or theories upon which the action is brought.'" *Interstate Cold Storage, Inc. v. Gen. Motors Corp.*, 720 N.E.2d 727, 730 (Ind. Ct. App. 1999) (quoting Ind. Code § 34-20-1-1 and citing Ind. Code § 34-6-2-115). Thus, the IPLA governs the strict liability and

3

negligence claims, *see, e.g.*, *Kennedy v. Guess, Inc.*, 806 N.E.2d 776, 779 n.1 (Ind. 2004) (noting the IPLA covers "both negligence and strict liability claims"), and those claims merge into one claim under the IPLA, s*ee Atkinson v. P & G-Clairol, Inc.*, 813 F. Supp. 2d 1021, 1024 (N.D. Ind. 2011).

The IPLA restricts actions for strict liability in tort to manufacturers of allegedly defective products.  *See* Ind. Code § 34-20-2-3 ("A product liability action based on the doctrine of strict liability in tort may not be commenced or maintained against a seller of a product . . . unless the seller is a manufacturer of the product . . . .").  However, "[i]f a court is unable to hold jurisdiction over a particular manufacturer of a product or a part of a product alleged to be defective, then that manufacturer's principal distributor or seller over whom a court may hold jurisdiction shall be considered . . . the manufacturer of the product."  Ind. Code § 34-20-2-4.  To hold Amazon strictly liable under this exception, Farm Bureau must allege that: (1) the Court is unable to hold jurisdiction over Guangdong, and (2) Amazon is Guangdong's principal distributor or seller.

The Amended Complaint does not allege that the Court lacks jurisdiction over Guangdong, the boat set's manufacturer.  The Amended Complaint may suggest that Farm Bureau has been unable to effectuate service of process on Guangdong, but if so, this contradicts the assertions in Farm Bureau's Motion for Clerk's Entry of Default and its counsel's affidavit that "service had been achieved upon" Guangdong. (Aff. Michelle A. Cobourn-Baurley ¶ 7, ECF No. 28-1; *see also id.* ¶ 6, ECF No. 28-1.) Farm Bureau argues that whether a defendant is subject to the court's personal

jurisdiction over a party involves questions of fact, suggesting that it would be inappropriate to resolve this issue at the dismissal stage. Even if the Court assumes that it has no personal jurisdiction over Guangdong, to hold Amazon strictly liable, the Amended Complaint has to also allege that Amazon is a principal seller or distributor of the boat set. *See* Ind. Code § 34-20-2-4. The Amended Complaint alleges in conclusory fashion that Amazon is "the principal seller[] and distributor[]" of the boat set. (Am. Compl. ¶ 56.) But it contains no facts, that if true, could plausibly suggest that Amazon is a principal seller or distributor of the boat set.

*State Farm Fire & Casualty Co. v. Amazon.com, Inc.*, 390 F. Supp. 3d 964, 974 (W.D. Wis. 2019), cited by Farm Bureau, is inapposite because Wisconsin's product liability law, unlike Indiana's, does not have a "principal distributor or seller" requirement. And *Fowler v. Warner*, Cause No. 1:13-cv-126-RLM, 2014 WL 2605341 (N.D. Ind. June 10, 2014), is of no benefit to Farm Bureau either because the plaintiff there pointed to facts that established the defendant's stores "were the primary means of distribution for" the allegedly defective product. *Id.* at *2. The Court finds that the Amended Complaint lacks sufficient factual allegations to hold Amazon strictly liable under the IPLA. The strict liability claim against Amazon should be dismissed.

As for the implied warranty claim, "Indiana courts recognize that plaintiffs suing for breach of warranty may seek to assert both tort-based causes of action under the IPLA and contract-based claims under the Uniform Commercial Code." *Jarrett v. Wright Med. Tech., Inc.*, No. 1:12-cv-00054-SEB-DML, 2019 WL 2567708, at *3 (S.D. Ind. June 21, 2019) (citation omitted). Tort-based implied warranty claims are

5

subsumed under the IPLA, but contract-based implied warranty claims are not. *Id.* Farm Bureau maintains that its claim for breach of implied warranty is contract-based. Indiana "distinguishes between causes of action under the IPLA and contract law" based, at least in part, on the type of damages sought. *Id.* Tort-based claims seek recovery for "personal injury or damage to other property," whereas contract-based claims seek "damage to the product or service itself and purely economic loss arising from the failure of the product or service to perform as expected." *Id.* (quoting *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 153 (Ind. 2005)).

Moreover, "[c]onsequential damages for breach of warranty 'are recoverable if they are the direct, immediate and probable result of the breach.'" *M.E.M. Ventures, LLC v. White Group, Inc.*, Cause No. 4:16-CV-23-TLS, 2019 WL 1242915, at *9 (N.D. Ind. Mar. 18, 2019) (quoting *Jerry Alderman Ford Sales, Inc. v. Bailey*, 291 N.E.2d 92, 103 (Ind. Ct. App. 1973) and citing Ind. Code § 26-1-2-715). Consequential damages include "injury to person or property proximately resulting from any breach of warranty." Ind. Code § 26-1-2-715(2)(b). "The issue of whether claimed consequential damages are the foreseeable and proximate result of a breach of an implied warranty is generally determined by the trier of fact." *M.E.M. Ventures*, 2019 WL 1242915, at *9 (citing *Irmscher Suppliers, Inc.*, 909 N.E.2d 1040, 1051 (Ind. Ct. App. 2009)).

This Court previously determined that Farm Bureau "does not seek recovery for damage to the boat set or for any economic losses" and therefore concluded that Farm Bureau's breach of implied warranty claim was tort-based. In doing so, the Court overlooked that the damages Farm Bureau seeks—damages to real and personal

6

property owned by its insureds, (Am. Compl. ¶ 21)—could include damages to the boat set itself and for economic loss. At the pleading stage, this determination was in error. Farm Bureau "was not 'required to delineate in the Complaint [its] damages to make it clear that the sought after damages included the return of the purchase price of the [boat set].'" *Atkinson*, 813 F. Supp. 2d at 1026 (citation omitted). Farm Bureau has pleaded that Amazon was a merchant of the boat set and profited from its sale, that Amazon's sale of the boat set "carried with it the implied warranty of merchantability," and that the boat set "was sold in a defective condition which was unreasonably dangerous." (Am. Compl. ¶¶ 64–66.) Farm Bureau further alleges that Amazon is liable to the extent of Farm Bureau's damages. (*Id.* ¶ 66.) These allegations are sufficient to state a contract-based claim for breach of implied warranty. *See, e.g.*, *Atkinson*, 813 F. Supp. 2d at 1025–26.

Farm Bureau argues that its negligence claims should not be dismissed because they merge with its strict liability claim. *See Am. Int'l Ins. Co. v. Gastite*, No. 1:08-cv-1360-RLY-DML, 2009 WL 1383277, at *4 (S.D. Ind. May 14, 2009) (declining to dismiss three separate counts for the same tort, product liability, and merging them into one claim under the IPLA). But because the Court finds that the strict liability claim against Amazon should be dismissed, the Court considers whether the allegations are sufficient to state a claim for negligence. Count VI alleges that Amazon "knew the . . . boat set would be purchased by consumers such as the Beckleys and used without inspection for latent defects" and that the boat set "did not incorporate adequate warnings to apprise the user of the dangerous design and/or manufacturing

characteristics . . . which were known or should have been known to" Amazon "before the incident which gives rise to this litigation." (Am. Compl. ¶¶ 71, 73.) These allegations are deficient in several respects. Any knowledge that the boat set would be "used without inspection for latent defects," cannot be equated with knowledge that the boat set "was likely to be dangerous when used in a foreseeable manner." *Hinkle v. Niehaus Lumber Co.,* 525 N.E.2d 1243, 1245 (Ind. 1988). And the Amended Complaint does not contain enough factual allegations to suggest that Amazon had any knowledge of dangerousness or defect in the boat set. Conclusory assertions are insufficient to state a claim. *Twombly,* 550 U.S. at 555. As a result, the negligence claim based on a failure-to-warn theory is subject to dismissal. The negligence claim based on a design defect theory, however, which was not challenged by the motion to dismiss, will proceed.

## Conclusion

Amazon's Motion to Dismiss (ECF No. 27) is **granted in part and denied in part**. Because the Amended Complaint fails to address the deficiencies identified in the Decision and Order (ECF No. 17), the strict product liability claim (Counts I and IV) and the negligence claim (Count III and VI) premised on a theory of a failure to warn against Amazon are **dismissed with prejudice**. The negligence claim premised on the theory of a design defect (Count III and VI) and the claim for breach of implied warranty (Count II and V) may proceed against Amazon.

**SO ORDERED**.

Date: 10/30/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

ECF Distribution to all registered counsel of record