UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA FARM BUREAU INSURANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01568-JRS-TAB |
| | ) | |
| AMAZON.COM, INC., | ) | |
| GUANGDONG FEILUN TECHNOLOGY | ) | |
| INDUSTRIAL CO., LTD., | ) | |
| SOWOFA US STORE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DISCOVERY DISPUTE**

## I.      Introduction

The Court held a telephonic status conference March 4, 2021, to address a discovery

dispute regarding a document being withheld on the basis of the work product doctrine and on

relevance grounds.  The Court heard argument and ordered that the document be submitted for *in*

*camera* review.  The Court also allowed the parties to submit post-conference statements of their

positions.  Having reviewed these submissions and the withheld document, the Court concludes

that, for the reasons set forth below, the document is protected by the work product doctrine.

## II.      Background

Plaintiff Indiana Farm Bureau Insurance's insured bought a remote-control boat from

co-Defendant third-party seller Sowofa US Store f/k/a Sowofa CIUB on the Amazon.com

website.  Plaintiff claims that the boat caused a fire to the insured's home on May 2, 2018,

resulting in nearly $4 million in damages, and has brought this action alleging breach of implied

warranty of merchantability and negligent design.

On May 11, 2018, counsel for Plaintiff sent a notice-of-claim letter addressed to the "Highest Ranking Officer" of Amazon and several other companies, putting these companies "on notice that you may be wholly or partially responsible for the loss involved in this matter" and said an inspection of the premises would take place on May 29, 2018.  [Filing No. 89-1, at ECF p. 4, 6.]  The letter asked Amazon and the other addressees to forward the correspondence to their "liability insurance carrier."  [Filing No. 89-1, at ECF p. 6.]  The letter was routed to Peter Viola, then-Risk Manager for Amazon, who treated it as a legal claim.  [Filing No. 89-1, at ECF p. 2.]  Viola transmitted the claim to Amazon's product liability national coordinating counsel, Perkins Coie LLP, to retain experts and to handle the site examination, and requested that the product safety team investigate the claim.  [Filing No. 89-1, at ECF p. 1-2.]  In the course of that investigation, on May 25, 2018, the product safety team created a document designated as the Magnum PS TT ("trouble ticket"), which is the document at issue in this discovery dispute.  [Filing No. 89, at ECF p. 2.]

## III.   Discussion

Amazon asserts the disputed document is protected from disclosure by the work product doctrine and because it is not relevant.  Relevance is a rather shaky foundation upon which to rely in refusing to produce a disputed document.  The Court need not address this objection, however, because Amazon has properly invoked the work product doctrine.  A party claiming the work product privilege must prove the materials are (1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; and (3) by or for a party's representative.  *Boyer v. Gildea*, 257 F.R.D. 488, 490 (N.D. Ind. 2009).  "Materials created in the ordinary course of business which may have the incidental effect of being helpful in litigation are not privileged

under the work product doctrine." *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 217 (N.D. Ill. 2013) (*citing to* Fed. R. Civ. P. 26(b)(3) (1970 Committee Notes)).

The disputed letter notified Amazon that the present litigation was imminent.  Amazon demonstrated that it anticipated litigation by immediately retaining outside counsel to retain experts and to handle the site examination, and by investigating the claim through its product safety team.  Amazon had no previous notice of the fire or issues with the remote-control boat. The investigation of this claim and creation of the trouble ticket were primarily, if not completely, motivated by its interest in preparing for possible litigation.  It is true that Plaintiff's counsel sent the letter not only to Amazon but also to several other potentially interested companies.  However, even partial responsibility for the $4 million alleged loss would have resulted in a significant claim.

The Court has conducted an *in camera* review of the document and is satisfied that it constitutes work product.  The trouble ticket characterizes the risks presented by Plaintiff's claim, and details the actions recommended in response.  It includes supplementations to discuss actions taken by Plaintiff and its experts.  All of the information contained in the ticket addresses events occurring after the sale of the remote-control boat and the May 2, 2018, fire and in direct response to receiving notice of a legal claim from the law firm that represents Plaintiff in this lawsuit.  The work product privilege, of course, is not absolute.  However, Plaintiff has made no effort to overcome the protection of the work product privilege by showing a substantial need for the trouble ticket, or that Plaintiff would suffer undue hardship if it were required to obtain the information in another manner.  In fact, one of the purposes of the May 11, 2018, letter was to advise Amazon that Plaintiff had already retained its own experts.  Therefore, Plaintiff would

face a high hurdle in claiming a substantial need for any investigation materials later produced by Amazon.

## IV.     Conclusion

Amazon has met its burden of showing that the May 25, 2018, trouble ticket is subject to the work product doctrine.  The Court's *in camera* review of this document confirms this conclusion.  As a result, the trouble ticket is not discoverable, and Amazon's work product objection is sustained.

Date: 3/30/2021

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

4