UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA FARM BUREAU INSURANCE as Subrogee of Kenneth Beckley and Peggy Beckley,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br>GUANGDONG FEILUN TECHNOLOGY INDUSTRIAL CO., LTD., Clerk's Entry of Default on 10/19/2020,<br>SOWOFA US STORE<br>   f/k/a SOWOFA C1UB,<br><br>Defendants. | No. 1:19-cv-01568-JRS-TAB |

**ORDER ON DEFENDANT AMAZON.COM, INC.'S
MOTION TO RECONSIDER**

**I.  Introduction**

The Court once again finds itself being asked to reconsider a ruling on a motion to seal after counsel for the party who designated the documents confidential failed to file the supporting brief as required by S.D. Ind. L.R. 5-11.  Given that the Court's review of a motion for reconsideration is limited, a party that neglects to file the required brief faces a steeper hurdle than if they had timely responded to the underlying motion.[1]  While the Court agrees in this instance that reconsideration is appropriate, this order is intended to serve as a reminder that counsel's failure to follow local rules does not, without more, provide a permissible basis for reconsideration.  Counsel who fail to file the supporting brief as required by S.D. Ind. L.R. 5-11

---

[1] Filing a motion for reconsideration also wastes judicial resources in that it requires the Court to issue and docket two orders, rather than one.

may well find that documents that might otherwise have remained out of the public eye are instead forever cemented into the public record.

## II.   Discussion

Before the Court is Defendant Amazon.com, Inc.'s motion to reconsider [Filing No. 101] the Court's order [Filing No. 100] denying Plaintiff Indiana Farm Bureau Insurance's motion [Filing No. 94] to maintain under seal Exhibit A [Filing No. 91-1; Filing No. 93] of the Appendix of Exhibits to Farm Bureau's Brief in Opposition to Amazon's Motion for Summary Judgment.  Pursuant to S.D. Ind. L.R. 5-11(d)(2)(A)(ii), Farm Bureau moved to seal Exhibit A, the deposition transcript of Charles Wright, because it contains, or references, information designated confidential by Amazon.  [Filing No. 94.]  This local rule further requires the designating party to file, within 14 days of service of the motion to seal, either a statement authorizing the unsealing of the filings or a brief in support of maintaining the filings under seal.  Amazon did not timely file any brief in support of Farm Bureau's motion to seal.  Thus, the Court denied the motion and directed the Clerk to unseal the filings after 21 days, absent a motion to reconsider, appeal, or further court order.  [Filing No. 100.]

Amazon now belatedly seeks to have the Court reconsider its order.  [Filing No. 101.]  A motion to reconsider is only appropriate where a movant demonstrates a manifest error of law or fact.  *See, e.g.*, *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) ("Motions to reconsider serve a limited function, to be used where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories.  A court may grant a motion to reconsider where the movant demonstrates a manifest error of law or

2

fact." (Internal citations and quotation marks omitted)). This is a high bar. Given the limited purpose of a motion to reconsider, a party that neglects to file the requisite brief of support for maintaining documents under seal has a steep hill to climb on what otherwise could have been a relatively painless hike (assuming there was good cause to seal those documents).

Amazon is not the first party to fail to file a supporting brief to keep purportedly confidential documents under seal, only to then scramble and file a motion to reconsider on grounds that should have been provided from the outset. *See, e.g.,* Order at 2, *Northshore v. Nationwide*, No. 1:18-cv-3632-SEB-TAB (S.D. Ind. Jan. 21, 2021), ECF No. 156 (granting belatedly filed motion to reconsider for good cause); *Carroll v. BMW of North America, LLC, No. 1:19-cv-224-JMS-TAB, 2021 WL 136086 (S.D. Ind. Jan. 13, 2021)* (motion to reconsider granted where BMW set forth good faith basis for error in failing to initially file requisite brief); Order at 1-2, *Fair Housing Center of Central IN, et al., v. Rainbow Realty Group, Inc., et al.*, No. 1:17-cv-1782-JMS-TAB (S.D. Ind. Oct. 29, 2020), ECF No. 203 (no brief initially filed; later motion to reconsider granted for good cause). *Cf.* Order at 1, *Coyle Nissan, LLC, v. Nissan North America, Inc.*, No. 4:18-cv-75-TWP-TAB (S.D. Ind. Mar. 17, 2021), ECF No. 184 (motion to reconsider where Court entered order before party had opportunity to file brief in opposition to motion to seal). As these citations reflect, this wholly avoidable scenario is occurring with unsettling frequency. As a result, the Court takes a deeper dive into this issue with the hope, and the expectation, of heading off future missteps of this sort.

In this case, while Amazon acknowledges that the Court denied Farm Bureau's motion to seal because Amazon failed to file a brief in support, Amazon otherwise sets forth no basis for why it failed to timely raise the arguments now before the Court. [Filing No. 101, at ECF p. 2.] Amazon later claims in its reply that "Amazon believed [Farm Bureau's motion to seal] to be

3

uncontested under Local Rule 7-1(d) and was not aware it was required to file a brief under Local Rule 5-11 until this Court denied Plaintiff's motion." [Filing No. 103, at ECF p. 2.] Being unaware of the Court's local rules has never been an acceptable excuse for failing to abide by them. To be sure, Amazon's explanation is void of *any* argument demonstrating that the Court acted on a manifest error of law or fact. Rather, it is based entirely on counsel's misapprehension of S.D. Ind. L.R. 5-11. Thus, the Court could deny Amazon's motion to reconsider for that reason alone.

      Amazon also states, in a footnote:

> The Protective Order states that "any party that seeks to file any document, or any portion of a document under seal, and any party that opposes its maintenance under seal, must comply with S.D. Ind. L.R. 5-11." (ECF No. 84 at Section VIII.) Plaintiff filed the Motion to Maintain Documents Under Seal, and Amazon did not oppose the Motion, so Amazon did not believe additional filings were necessary under the terms of the Protective Order.

[Filing No. 103, at ECF p. 2.] In addition, Amazon conveniently ignores the sentence in the protective order leading up to this one, which definitively states: "This protective order does not authorize a party to file or maintain a document under seal." [Filing No. 84, at ECF p. 9.] Rather, as the quoted sentence indicates, any party seeking to file a document under seal must comply with S.D. Ind. L.R. 5-11. This local rule explains the procedure that the Court invoked in this matter:

> The designating party(ies) identified according to subsection (2)(A)(ii) must, within 14 days of service of the Motion to Maintain Document(s) under Seal, file a Statement Authorizing Unsealing of Document (or specific portions thereof) and/or a Brief in Support that complies with the requirements of subsection (e) and a redacted (confidential portions blacked out) public version of the document that was designated as confidential and filed under seal. If the designating party fails to file a supporting Statement or Brief, then the filing party must notify the court of that failure. The court may summarily rule on the (d)(2)(A) motion to seal if the designating party does not file the required Statement or Brief.

S.D. Ind. L.R. 5-11(d)(3).  Amazon made no such filing, so the Court summarily ruled on the motion.  Failing to even bother filing the brief required to support maintaining a document under seal suggests that the document(s) at issue may not be that confidential after all.

Nevertheless, Amazon now argues that there is good cause to maintain Exhibit A, the deposition transcript of Charles Wright, under seal.  [Filing No. 101.]  Specifically, Amazon contends that a portion of Wright's deposition transcript should remain under seal because it contains "confidential algorithms and processes for vetting third-party sellers and its internal practices for disbursing funds to third-party sellers following investigations of sellers" which are "protectable trade secrets under Indiana law."  [Filing No. 101, at ECF p. 2-3.]

Amazon also unequivocally claims no party opposed maintaining the document under seal or with redaction.  [Filing No. 101, at ECF p. 4.]  However, Farm Bureau responded to Amazon's motion to reconsider with an array of objections to Amazon's motion.  [Filing No. 102.]   Farm Bureau contends that Amazon has generally characterized Wright's testimony as containing protected trade secret without providing proper support for the claim, such as "testimony in the form of Affidavits or otherwise, explaining how and why disclosure of Wright's testimony would cause it competitive harm."  [Filing No. 102, at ECF p. 3.]

Documents impacting the disposition of federal litigation are presumptively open to the public.  *See Goesel v. Boley Int'l*, 738 F.3d 831, 833 (7th Cir. 2013) ("Documents that affect the disposition of federal litigation are presumptively open to public view.  The reason for this right of public access to the judicial record is to enable interested members of the public . . . to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties."  (Internal citations and quotation marks omitted)).  However, this presumption can be rebutted.  *See, e.g., Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002)

("When there is a compelling interest in secrecy, as is the case of trade secrets, the identity of informers, and the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed.  The interest in secrecy is weighed against the competing interests case by case." (Internal citations omitted)); *Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record.  But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."  (Internal citation omitted)).

As noted above, Amazon argues that there is good cause to maintain portions of Wright's testimony under seal because he described Amazon's process for vetting third-party sellers and other internal corporate practices which are protectable trade secrets under Indiana law.  [Filing No. 101, at ECF p. 2-3.]  Amazon claims public disclosure of its processes and practices could allow Amazon's competitors to obtain economic value from its confidential vetting practices and "capitalize on Amazon's earned goodwill," resulting in competitive harm to Amazon.  [Filing No. 101, at ECF p. 3.]  The Court recognizes Farm Bureau's concerns as to whether in fact the information at issue constitutes protectable trade secret.  Wright's testimony contains a general description of Amazon's practices, which differs slightly from other situations where the Court has found good cause to maintain under seal documents containing allegedly confidential business or commercial information in the past.  *Cf. Carroll*, No. 1:19-cv-224-JMS-TAB, 2021 WL 136086, at *2 (finding good cause to maintain exhibit under seal containing confidential trade secret information related to technical diagnostic and repair documents); *Rolls-Royce N. Am. Techs. Inc. v. Dynetics, Inc.*, No. 19-cv-04302-TWP-TAB, 2020 WL 1487300, at *1 (S.D. Ind. Jan. 17, 2020) ("The parties set forth good cause to maintain the requested documents under

seal, because the documents contain confidential and proprietary information, pricing and business information, and/or information prohibited from public view by statute or regulations of the Department of Defense.").

Furthermore, at this time it is unclear whether the information sought to be protected will be at issue in this action or necessary for the Court's resolution of the pending claims or summary judgment motion. Farm Bureau argues that Wright's testimony regarding Amazon's relationship with third-party sellers is directly related to Farm Bureau's claims and Amazon's summary judgment motion. [Filing No. 102, at ECF p. 4.] On the other hand, Amazon maintains that the testimony "is unlikely to be critical to the substantive issue of liability for Plaintiff's breach of implied warranty claim[.]" [Filing No. 103, at ECF p. 5.]

What is clear is that this dispute involves a narrowly tailored request to seal only a few pages of one document in which an individual is discussing Amazon's internal practices as described above. Accordingly, although Amazon, as the designating party, should have offered its rationale earlier as required by S.D. Ind. L.R. 5-11, Amazon belatedly sets forth good cause for maintaining Exhibit A [Filing No. 91-1; Filing No. 93] under seal.[2] Amazon has filed a publicly available redacted version of the exhibit. [Filing No. 101-2.] For these reasons, Amazon's motion to reconsider [Filing No. 101] is granted. The Clerk shall maintain Filing No. 93 under seal.

---

[2] Of course, the Court could later amend this decision should it determine that the sealed information is in fact necessary to resolve an issue before the Court.

### III. Conclusion

Amazon's motion to reconsider [Filing No. 101] is granted. However, litigants in this district and their counsel should take this order as an opportunity to familiarize themselves with S.D. Ind. L.R. 5-11, and takes steps to ensure this rule is followed. Motions to reconsider are a poor and ill-advised substitute to filing the brief required to maintain documents under seal, and will be treated as such in the future.

Date: 6/7/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email