UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA FARM BUREAU INSURANCE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *vs.* | ) | No. 1:19-cv-1568-JMS-TAB |
| | ) | |
| AMAZON.COM, INC., | ) | |
| GUANGDONG FEILUN TECHNOLOGY | ) | |
| INDUSTRIAL CO., LTD., AND | ) | |
| SOWOFA US STORE F/K/A SOWOFA | ) | |
| CLUB, | ) | |
| | ) | |
| *Defendants.* | ) | |

## ORDER

Plaintiff Indiana Farm Bureau Insurance, ("Farm Bureau") seeks recovery for losses paid

for a house fire allegedly caused by a remote-control boat purchased by an insured from a third-

party seller on Amazon.com. [Filing No. 1.] Presently before the Court is Defendant Amazon.com

Inc.'s ("Amazon") Motion for Summary Judgment, which is ripe for this Court's decision. [Filing

No. 78.] Farm Bureau opposes the motion. [Filing No. 92.] For the reasons set forth below, the

Court grants Amazon's motion.

## I.
### STANDARD OF REVIEW

A motion for summary judgment asks the Court to find that a trial is unnecessary because

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether

a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted

fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed.

R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not

establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the granting of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. Hampton v. Ford Motor Co., 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. Harper v. Vigilant Ins. Co., 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not be considered. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. Johnson v. Cambridge Indus., 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. Nelson v. Miller, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. Darst v. Interstate Brands Corp., 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. O'Leary v. Accretive Health, Inc., 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them." Johnson, 325 F.3d at 898. Any doubt as to the

existence of a genuine issue for trial is resolved against the moving party.  *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

## II.
### STATEMENT OF FACTS

The following factual background is set forth pursuant to the standards detailed above.  The facts stated are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made."  *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

On February 16, 2018, Farm Bureau's insured, Kenneth Beckley, utilized the Amazon online marketplace to purchase a Feilun RC boat set from Defendant SOWOFA ClUB ("SOWOFA").  [Filing No. 19.]  The boat set was manufactured by Defendant Guangdong Feilun Technology Industrial Co., Ltd. ("Guangdong Feilun"), and was "distributed by and/or sold to SOWOFA, who then marketed, promoted and advertised the [Guangdong Feilun] RC boat set for sale on Amazon.com."  [Filing No. 19 at 6.]  As a "third-party seller," SOWOFA set the purchase price and shipped the boat set directly to Mr. Beckley.  [Filing No. 57 at 3; 80-1 at 4.]  Amazon never acquired title to the boat set nor possessed the boat set.  [Filing No. 80-1 at 2, 4.]  Amazon had no role in the design or manufacturer of the boat set.  [Filing No. 80-1 at 4.]  On May 2, 2018, the boat caught fire, resulting in damages to Mr. Beckley's home and to personal property located within the home.  [Filing No. 19 at 5.]

Farm Bureau filed its Amended Complaint against Amazon, Guangdong Feilun, and SOWOFA, alleging: (1) strict liability under the Indiana Product Liability Act ("IPLA") (Counts I and IV); (2) breach of the implied warranty of merchantability under the Uniform Commercial

Code ("UCC") (Counts II and V); and (3) negligence premised on theories of a failure to warn and design defects (Counts III and VI).  [Filing No. 19.]

On October 30, 2020, the Court dismissed all of the allegations against Amazon, except for "[t]he negligence claim premised on the theory of a design defect (Count III and IV) and the claim for breach of implied warranty (Count II and V)."  [Filing No. 50.]  The Court found that IPLA restricts actions for strict liability in tort to manufacturers of allegedly defective products, except for circumstances where: (1) the Court is unable to hold jurisdiction over the manufacturer, and (2) the seller is the manufacturer's principal distributor or seller.  [Filing No. 50 citing Ind. Code § 34-20-2-4.]  The Court noted that Farm Bureau's Amended Complaint contained "no facts, that if true, could plausibly suggest that Amazon is a principal seller or distributor of the boat set."  [Filing No. 50 at 2.]  Further, the Court noted that Farm Bureau, by seeking an Entry of Default against Guangdong, [Filing No. 28], and its counsel's affidavit that "service had been achieved upon" Guangdong, [Filing No. 28-1], contradicts any assertions that the Court is unable to hold jurisdiction over the boat set manufacturer.  [Filing No. 50 at 5.]  Accordingly, Farm Bureau could not hold Amazon strictly liable under the IPLA.  While the Court left pending the negligent design claim, Farm Bureau is no longer pursuing the remaining negligence claim.  [Filing No. 92 at 34.] Thus, the single remaining issue before the Court is Farm Bureau's UCC claim for breach of implied warranty.  On February 15, 2021, Amazon filed a Motion for Summary Judgment, [Filing No. 78], which is now ripe for the Court's decision.

### III.
### DISCUSSION

In support of its motion, Amazon argues that Farm Bureau's implied warranty claim fails for three reasons: (1) tort-based implied warranty claims are subsumed by strict liability claims under the IPLA; (2) implied warranties arise only against the seller, not against the operator of a

4

website where the seller sold the product; and (3) Amazon disclaimed all warranties in the Conditions of Use that Mr. Beckley agreed to when using Amazon's website. [Filing No. 78 at 1.]

Amazon asserts that Farm Bureau seeks to recover "sudden, major damages to property" resulting from the fire at the Mr. Beckley's home. [Filing No. 79 at 8 (quoting Ind. Code § 34-6-2-105).] Amazon argues that this claim "fall[s] squarely within, and [is] governed by" the IPLA. [Filing No. 79 at 8.] It asserts that "[c]ase law makes clear that the [IPLA] subsumes tort-based implied-warranty claims and merges them into strict-liability claims." [Filing No. 79 at 8.] Amazon argues that "courts distinguish tort-based and contract-based implied-warranty based on what type of damages the plaintiff seeks. Tort-based claims seek damages for personal injury or damage to property other than the product itself; contract-based claims seek compensation for damage to the product itself and related economic loss such as loss of use." [Filing No. 79 at 10.] Accordingly, Amazon contends, Farm Bureau's "implied-warranty claim is a tort-based claim and therefore merges into— and falls with—the already dismissed strict liability claim." [Filing No. 79 at 12.] Amazon further argues that "[t]he implied warranty of merchantability arises only against the seller of a product." [Filing No. 79 at 14.] Amazon contends that "[n]o implied warranty arose because the 'seller' was SOWOFA, not Amazon" and Amazon never held title to the boat. [Filing No. 79 at 14-15.] Finally, Amazon argues that "even if Amazon were a seller," Farm Bureau would not have an implied warranty claim against it because Amazon expressly and conspicuously disclaimed all warranties, express and implied, in Amazon's Conditions of Use. [Filing No. 79 at 15-16.]

Farm Bureau responds that its claims under the IPLA are separate and distinct from its claim for breach of implied warranty under the UCC. [Filing No. 92 at 9.] Farm Bureau argues that "[t]he UCC provides that a buyer is entitled to incidental and consequential damages resulting

from a breach of warranty, including injury to person or property as a result of the breach." [Filing No. 92 at 10.] Farm Bureau further argues that "Indiana courts have explicitly found injured parties may recover damages to person or property caused by the defective good as they can be considered a consequential damage under the UCC." [Filing No. 92 at 11.] Farm Bureau maintains that the "test for whether damages are recoverable is a determination of whether the injury was proximately caused by the breach." [Filing No. 92 at 14.] Farm Bureau further responds that Amazon's "extensive involvement in all aspects of the sale establish it is a seller/merchant under the UCC." [Filing No. 92 at 25.] In support, Farm Bureau points to opinions from other districts and state courts which held that online retailers can be liable for offering defective products by third-party sellers. [Filing No. 92 at 25.] Farm Bureau further argues that Amazon failed to effectively disclaim the implied warranty of merchantability because the disclaimers contained in the Conditions of Use were not conspicuous. [Filing No. 92 at 18.]

Amazon replies that while Indiana law "distinguishes between the damages available in a contract versus tort-based claim," Farm Bureau "ignores this distinction and instead seeks to reintroduce the barred IPLA claim under the guise of consequential damages for breach of implied warranty." [Filing No. 96 at 1.] Amazon argues that "[c]onsequential damages are available for breach of implied warranty, but when the claim is limited to contract, so are the damages." [Filing No. 96 at 2.] Amazon argues that "[a]llowing strict liability in through the backdoor of implied warranty would eviscerate the statutory limits on strict liability and the tort-versus-contract distinction that the courts have employed to protect those limits." [Filing No. 96 at 1.] Amazon further argues that the UCC only imposes an implied warranty of merchantability on "the 'seller' and the UCC defines 'seller' and 'sale' in terms of holding and transferring title, which Amazon did not do." [Filing No. 96 at 4 (citing Filing No. 19).]

When the Court exercises diversity jurisdiction over an action, it is "obliged to apply state law to the substantive issues in the case." *Lodholtz v. York Risk Servs. Grp., Inc.,* 778 F.3d 635, 639 (7th Cir. 2015) (citing *Erie RR. Co. v. Tompkins,* 304 U.S. 64, 78 (1938)).  The parties do not dispute that Indiana law governs this action.  Accordingly, this Court must "apply the law that would be applied by the Indiana Supreme Court." *Lodholtz,* 778 F.3d at 639.

The Indiana Supreme Court has held that a defective product can give rise to both tort-based claims under both the IPLA and contract-based clams under the UCC.  *Gunkel v. Renovations, Inc.,* 822 N.E.2d 150, 153 (Ind. 2005) ("[U]nder the Products Liability Act and under general negligence law … damage from a defective product or service may be recoverable under a tort theory if the defect causes personal injury or damage to other property, but contract law governs damage to the product or service itself and purely economic loss arising from the failure of the product or service to perform as expected."), *Hitachi Const. Machinery Co., Ltd. v. AMAX Coal Co*., 737 N.E.2d 460, 465 (Ind. Ct. App. 2000) ("Actions brought under the Act and the Uniform Commercial Code represent two different causes of action ... [t]he Product Liability Act governs product liability actions in which the theory of liability is negligence or strict liability in tort, while the UCC governs contract cases which are based on breach of warranty.")

However, the IPLA effectively supplants implied warranty claims when they sound in tort. *Gunkel,* 822 N.E.2d at 153.  To determine whether a claim sounds in tort, courts look to the nature of the damages claimed.  *Id.*  The Indiana Supreme Court has noted that "damage from a defective product or service may be recoverable under a tort theory if the defect causes personal injury or damage to other property."  *Id.*  Injuries under the IPLA include "sudden and major damage" to other property.  *Constructora Mi Casita S de RL de CV v. NIBCO Inc.,* 2017 WL 3438182, at *6 (N.D. Ind., August 9, 2017) (citing *Reed v. Central Soya Co., Inc.,* 621 N.E.2d 1069, 1076 (Ind.,

7

1993)).  Other property is property acquired separately from the defective good, "whether or not it is, or is intended to be, incorporated into the same physical object." *Gunkel,* 822 N.E.2d at 155.

Conversely, contract-based claims govern damages for the cost of the product and the economic loss from the failure of the product. *Constructora Mi Casita,* 2017 WL 3438182, at *5. (citing *Reed,* 621 N.E.2d at 1074*).* Economic loss has been defined by Indiana courts as "the diminution in the value of a product and consequent loss of profits because the product is inferior in quality and does not work for the general purposes for which it was manufactured and sold." *Gunkel*, 822 N.E.2d at 153, 154. Economic loss also includes incidental and consequential loss such as rental expense and lost time. *Id.* (citing *Reed,* 621 N.E.2d at 1074).[1] Additionally, economic loss includes damage to the product itself, including the cost of its repair or reconstruction. *Progressive Ins. Co. v. General Motors Corp.,* 749 N.E.2d 484, 488 (Ind., 2001).

In the present case, Farm Bureau seeks recovery for "damages to real and personal property" owned by its insured as a result of the house fire caused by the allegedly defective boat. [Filing No. 19 at 4.] This District has recently addressed whether this category of damages is recoverable under an implied warranty claim in *Indiana Farm Bureau Insurance v. Shenzhen Anet Technology Co., Ltd.,* 2020 WL 7711346 (S.D. Ind., December 29, 2020). In *Shenzhen*, the court addressed whether Farm Bureau could proceed against an online marketplace under a theory of implied warranty of merchantability for damages to real and personal property as a result of a fire. *Id.* As is the case here, the fire in *Shenzhen* was purportedly caused by a defective product sold

---

[1] The Court notes that there may be some surface appeal to Farm Bureau's argument that the UCC entitles a buyer to consequential damages resulting from a breach of warranty. [Filing No. 92 at 18.] However, Indiana courts have long held that a plaintiff asserting claim such as Farm Bureau's cannot recover tort-based consequential damages under a contract-based implied-warranty claim. *See Reed ,* 621 N.E.2d at 1074.

by a third-party seller on the online marketplace.  *Id.*  The Court concluded that these claims

sounded in tort and thus were merged with Farm Bureau's claims under the IPLA.  *Id.* at 15.

Given the nearly identical facts in the present case, this Court sees no reason to deviate

from the court's analysis in *Shenzhen*[2] which properly applied Indiana law.  Farm Bureau seeks to

recover for sudden and major damage to property (the home and its contents that were destroyed

by the fire), which was separately acquired from the defective good (the boat set).  *See*

*Constructora Mi Casita*, 2017 WL 3438182, at *6.  Farm Bureau does not seek to recover damages

to the boat set itself or for economic loss.  [Filing No. 67 at 2-3 ("Indiana Farm Bureau Insurance

paid $3,762,588.52 in damages to the property resulting from the May 2, 2018, fire loss.")]  This

claim sounds in tort and thus is "merely . . . [an] incorrectly labeled strict product liability claim."

*Cavender v. Medtronic, Inc.,* 2017 WL 1365354, at *7 (N.D. Ind., April 14, 2017) (internal

citations omitted).[3]  For these reasons, Farm Bureau's claim for breach of implied warranties is

merged into Farm Bureau's previously dismissed claim under the IPLA.  [Filing No. 50.]  Because

the implied warranty claim has been merged and dismissed, the Court need not address Amazon's

remaining arguments regarding whether it made or effectively disclaimed implied warranties for

---

[2] This ruling should come as no surprise to Farm Bureau given the strikingly similar facts and claims asserted as in *Indiana Farm Bureau Insurance v. Shenzhen Anet Technology Co., Ltd.,* 2020 WL 7711346 (S.D. Ind., December 29, 2020).

[3] This ruling should not be construed to find that a consumer may never hold an online marketplace liable for damages caused by allegedly defective products sold by third-party sellers.  In the present case, Farm Bureau's claim for breach of implied warranties is more properly characterized as a claim sounding in tort under the IPLA.  However, because Amazon is neither the manufacturer of the defective product and Farm Bureau asserts that the Court is able to hold jurisdiction over the manufacturer (Guangdong), Farm Bureau may not proceed under the IPLA against Amazon.  In an instance where a Plaintiff asserts a contract-based claim under the UCC or if the Court were unable to assert jurisdiction over the manufacturer for a tort-based claim under the IPLA, the outcome may be different.

purposes of the UCC.  The Court **GRANTS** summary judgment for Amazon on Farm Bureau's sole remaining claim against Amazon for breach of implied warranty.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Amazon's Motion for Summary Judgment, [78].  No partial final judgment shall enter.

Date: 9/13/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**